FW021803

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 MAY -7 PM 2:22

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CRYSTAL GUADIAN-CARDENAS
*Plaintiff.*

v.

LTD FINANCIAL SERVICES, L.P.
*Defendant.*

CIVIL ACTION NO.

4-14CV-313 A

TRIAL BY JURY DEMANDED

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Crystal Guadian-Cardenas, complains of LTD Financial Services, L.P. Defendant, and for cause of action would respectfully show as follows:

## NATURE OF ACTION

1. This is an action for statutory damages brought by individual, Plaintiff Crystal Guadian-Cardenas against Defendant LTD Financial Services, L.P. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(A)(iii) and Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et al.

2. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff and calling Plaintiff's cellular telephone using a telephone system with the capacity to auto dial without express written consent.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 47 U.S.C. §227(f)(2).
4. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.
5. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(f)(4) .
6. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.
7. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

8. The Plaintiff in this lawsuit is Crystal Guadian-Cardenas, a natural person and a citizen of Tarrant County, Texas.
9. Defendant in this lawsuit is LTD Financial Services, L.P. (herein after "LTD") a debt collection company with principal office at 7322 Southwest Freeway, Suite 1600, Houston, TX 77074.
10. LTD is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas.
11. LTD may be served with process by serving its registered agent for service of process: Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, TX 78701.
12. LTD is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. LTD is in the business of collecting consumer debts using the mails and telephones and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to another person.

## FACTUAL ALLEGATIONS

14. On **March 12, 2014 at about 03:09 p.m.**, Defendant LTD called the Plaintiff's wireless cell phone without prior permission or for emergency purposes. **(Exhibit A)**

15. On **March 12, 2014 at about 07:27 p.m.**, Defendant LTD called the Plaintiff's wireless cell phone without prior permission or for emergency purposes. **(Exhibit B)**

16. On **March 13, 2014 at about 04:53 p.m.**, Defendant LTD called the Plaintiff's wireless cell phone without prior permission or for emergency purposes. **(Exhibit C)**

17. On **March 17, 2014 at about 02:47 p.m.**, Defendant LTD called the Plaintiff's wireless cell phone without prior permission or for emergency purposes. **(Exhibit D)**

18. On **March 24, 2014 at about 05:56 p.m.**, Defendant LTD called the Plaintiff's wireless cell phone without prior permission or for emergency purposes. **(Exhibit E)**

19. Plaintiff visited the Public Utility Commission of Texas website; **http://www.puc.texas.gov/industry/communications/directories/adad/search_adad.aspx**; and discovered that Defendant LTD has obtained a permit to use an Automatic Dial Announcing Device (ADAD), which is a mechanism that sends recorded messages. **(Exhibit F)**

20. According to the Public Utility Commission of Texas website, **"Any…company wishing to make an unsolicited call via an ADAD machine or software, in which a recorded message is played, should file for an ADAD permit application…"**

21. **Refer to ¶14 through ¶ 18**, in each telephone communication in question here, Defendant LTD used an automatic telephone dialing system to dial Plaintiff's wireless cellular phone in an attempt to collect on the alleged but non-existent consumer debt.

22. **Refer to ¶14 through ¶ 18,** in each telephone communication in question here, Defendant LTD used a telephone dialing system that has the **capacity** to automatically dial Plaintiff's wireless cellular phone in an attempt to collect on the alleged but non-existent consumer debt. **(Emphasis Added)**

23. At no time has the Plaintiff given her express consent, written or otherwise, to Defendant LTD to call her wireless cellular telephone.

24. Plaintiff has no prior or present established relationship with Defendant LTD.

25. Plaintiff has no contractual obligation to pay Defendant LTD any alleged consumer debt.

26. **Refer to ¶14 through ¶ 18;** the communications in question here are all related to Defendant LTD attempts to collect an alleged but **non-existent consumer debt**.

27. On April 02, 2014 Plaintiff sent a letter via United States Postal Service Certified Mail informing Defendant LTD said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(A)(iii), Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., this was in an effort to amicably resolve the matter prior to litigation.

28. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT LTD FINANCIAL SERVICES L.P.

29. Paragraphs 1 through 28 are re-alleged as though fully set forth herein.

30. Plaintiff and Defendant LTD do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

31. Defendant LTD called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

32. In each telephone communication referenced in ¶14 through ¶18, Defendant LTD violated 47 U.S.C. § 227 (b)(1)(A) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's cellular telephone number, which is assigned to a cellular telephone service **with no** prior express consent and for no emergency purpose.

33. Defendant LTD has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's cellular telephone number, which is assigned to a cellular telephone service **with no** prior express consent and for no emergency purpose.

34. 47 U.S.C. §227(b)(1)(A) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be **unlawful for any person** within the United States, or any person outside the United States if the recipient is within the United States—

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT LTD FINANCIAL SERVICES, L.P.

35. Plaintiff alleges and incorporates the information in paragraphs 1 through 34.

36. In each telephone communication referenced in ¶14 through ¶18, Defendant LTD violated 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's number, which is **assigned to a cellular telephone service.**

37. In each telephone communication referenced in ¶14 through ¶18, Defendant LTD violated 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's number, which is **assigned to a cellular telephone service.**

38. Defendant LTD has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's number no less than five (5) times, which the **Plaintiff was charged for the telephone calls**.

39. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> >
> > (iii) **to any telephone number assigned** to a paging service,

> **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call;**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d BY DEFENDANT LTD FINANICAL SERVICES, L.P.**

40. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

41. Defendant aforementioned conduct violated the FDCPA.

42. Defendant LTD actions of making at least five (5) telephone calls to Plaintiff's wireless cellular telephone in the span of six (6) days in an attempt to collect on an alleged but non-existent consumer debt was to harass, oppress, or abuse Plaintiff, is a violation of 15 U.S.C. § 1692d.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Awarding such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands trial by jury.

Dated: April 30, 2014

Respectfully Submitted,

Crystal Guadian-Cardenas
6237 Twin Oaks Drive
Forest Hill, TX 76119
(817) 307-1620
crystalguadiancardenas@yahoo.com



Recents Info

**(800) 741-2100**

March 12, 2014

3:09 PM Incoming Call 1 minute

Call

FaceTime

FaceTime Audio

Send Message

Favorites
Recents
Contacts
Keypad
Voicemail

PLAINTIFF'S
EXHIBIT
A



Recents Info

**(800) 741-2100**

March 12, 2014

7:27 PM Incoming Call 42 seconds

Call

FaceTime

FaceTime Audio

Send Message

Favorites

Recents

Contacts

Keypad

Voicemail

PLAINTIFF'S
EXHIBIT
B

●●●○○ AT&T 4:53 PM

< Recents **Info**

**(800) 741-2100**

March 13, 2014

4:53 PM Incoming Call 5 seconds

Call

FaceTime

FaceTime Audio

Send Message

Favorites Recents Contacts Keypad Voicemail

PLAINTIFF'S
EXHIBIT
C

Recents Info

**(800) 741-2100**

March 17, 2014

2:47 PM Missed

Call

FaceTime

FaceTime Audio

Send Message

Favorites

Recents

Contacts

Keypad

Voicemail

PLAINTIFF'S
EXHIBIT
D

Recents Info

**(800) 741-2100**

Today

| 5:56 PM | Incoming Call | 37 seconds |
|---|---|---|

Call

FaceTime

FaceTime Audio

Send Message

Favorites

Recents

Contacts

Keypad

Voicemail

PLAINTIFF'S
EXHIBIT
E



# Public Utility Commission of Texas

## ADAD Report

## LTD FINANCIAL SERVICES L P

### Permit No: 060333

**Type:** ADAD
**Permit Approved Date:** 4/3/2006
**Date Last Renewed:** 4/3/2014

**DBA Names**

LTD

**Contact Information**

*Company / Physical (Mailing Address)*
LTD FINANCIAL SERVICES LP
LEONARD PRUZANSKY
7322 SOUTHWEST FREEWAY
SUITE 1600
HOUSTON,TX 77074
**Email:** ssimpson@ltdfin.com
**Phone:** 713-414-2100
**Fax:** 713-414-2120

*ADAD Physical Address*
LTD FINANCIAL SERVICES LP
LEONARD PRUZANSKY
7322 SOUTHWEST FREEWAY
SUITE 1600
HOUSTON,TX 77074
**Phone:** 713-414-2100
**Fax:** 713-414-2120

*ADAD Physical Address*
LTD FINANCIAL SERVICES LP
LEONARD PRUZANSKY
7322 SOUTHWEST FREEWAY
SUITE 1600
HOUSTON,TX 77074
**Email:** licensing@ltdfin.com
**Phone:** 713-414-2101
**Toll Free:** 800-414-2101
**Fax:** 713-414-2120

*ADAD Physical Address*
LTD FINANCIAL SERVICES LP
LEONARD PRUZANSKY
4801 NW LOOP 410
SUITE 600
SAN ANTONIO,TX 78229
**Email:** licensing@ltdfin.com
**Phone:** 713-414-2101
**Toll Free:** 800-414-2101
**Fax:** 713-414-2120

**Reports**

2013
**ADAD Annual Report**
**Submitted:** 12/30/2013
**Approved:** 1/3/2014

2012
**ADAD Annual Report**
**Submitted:** 1/25/2012
**Approved:** 12/18/2012

2011
**ADAD Annual Report**
**Submitted:** 1/20/2011
**Approved:** 1/25/2012

2009
**ADAD Annual Report**
**Submitted:** 12/15/2009
**Approved:** 1/7/2010

2008
**ADAD Annual Report**
**Submitted:** 12/5/2008
**Approved:** 12/15/2008

2007
**ADAD Annual Report**
**Submitted:** 1/18/2007
**Approved:** 12/13/2007

*End Report*

PLAINTIFF'S
EXHIBIT
F